UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NUMBER 7:11-CR-181, 7:11-CR-170 |
| V. | : | JUDGE MINALDI |
| ADAMARIS PEREZ | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion *In Limine* filed by defendant Adamaris Perez. Doc. 12 (11-170), doc. 9 (11-181).[1] This motion is opposed by the United States of America. Doc. 16. The defendant's motion seeks to exclude the introduction of, or any reference to, the NARK II Narcotics Analysis Reagent Kit at trial.

For the reasons set forth herein, the defendant's motion [doc. 12 (11-170); doc. 9 (11-181)] is **DENIED**.

*Background*

Adamaris Perez has been charged with one count of distribution of marijuana, one count of possession of marijuana, one count of possession of MDMA, all in violation of 21 U.S.C. § 844, and one count of possession of drug paraphernalia in violation of 18 U.S.C § 13. Doc. 1. On June 2, 2011, the Team Chief of the Drug Suppression Team at Fort Polk Army Base preformed a NARK II Narcotics Analysis Reagent (NARK II) test[2] on a hand rolled cigarette, and some leafy green substance, found in the home of the defendant. Doc. 16, p. 1. A NARK II test is a field test that "has the capability of presumptively identifying several families of

---

[1] The defendant has been charged, and has filed the motion *in limine* at issue, in two cases. The defendant's motion and the government's opposition are identical in both. Therefore, to avoid confusion, record citations will be made to 7:11-cr-170 only.

[2] NARK II kits provide a Duquenois-Levine color test for suspected marijuana. Doc. 12, att. 1, p. 7.

1

substances suspected of being abused drugs." Doc. 12, att. 1, p. 1.  NARK II tests use chemicals that react (reagents) with certain substances to create different colors.  These colors are used to identify the substance that was combined with the reagent; for instance, combining marijuana with the reagents provided by NARK II will produce a purple color.  *See id*. at 10-11.

A NARK II test is not conclusive; it provides only *presumptive* results.  *Id.* at 1.  Indeed, the NARK II operator's manual states that, "[t]here is no drug identification system presently in use which completely eliminates the occurrence of false positives and false negatives.  A forensic laboratory is required to qualitatively identify an unknown substance."  *Id.*

For this reason, the defendant seeks exclusion of any reference to the NARK II test during trial.  The defendant argues that a NARK II test is not admissible evidence to prove that a seized substance is marijuana because a NARK II test is not conclusive.  Doc. 12, p. 1. Alternatively, the defendant argues that any introduction of a NARK II test must be accompanied by expert testimony establishing the scientific reliability of such a test.  *Id.* at 3.

The government opposes the defendant's motion.  Doc. 16.  First, the government contends that the defendant's argument is erroneous because the degree of accuracy of a NARK II test goes towards the weight to be given to such evidence, and not its admissibility.  *Id.* at 7. Second, the government argues that expert testimony is unnecessary for admittance of a NARK II test because such a test is "generally accepted in the field for what it is: a presumptive test for drug identification."  *Id.* at 8.  Further, the government notes that reagents tests, such as a NARK II test, have been approved in the Law Enforcement and Corrections Standards and Testing Program of the National Institute of Justice, Office of Justice Programs, United States Department of Justice.  *See id.*  Therefore, the government argues that the defendant's motion

should be denied and that any NARK II test used in building a case against the defendant should be admitted during trial.

*Law and Analysis*

An evaluation of the admissibility of scientific evidence is primarily driven by Federal Rules of Evidence 401, 402, 403, and 702. *United States v. Posado*, 57 F.3d 428, 432 (5th Cir. 1995).

"All relevant evidence is admissible, except as otherwise provided by Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." FED. R. EVID. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. However, relevant evidence may be excluded if its probative value is substantially outweighed by dangers of unfair prejudice, confusion, or delay. FED. R. EVID. 403.

Additionally, Rule 702 requires that proffered scientific evidence possess sufficient evidentiary reliability to be admissible, and that the evidence is relevant in the sense that it will "assist the trier of fact . . . to determine a fact at issue." *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-91 (1993); FED. R. EVID. 702. It is the job of the trial judge to make this determination. FED. R. EVID. 104.

In the present case, the proffered scientific evidence is the results of a Nark II reagents test performed on suspected marijuana found at the home of the defendant. As discussed above, NARK II tests presumptively identify certain substances, including marijuana. The government argues that this not only makes the NARK II test relevant, but also is enough to assist the trier of

fact in determining one of the key issues of this case; whether the defendant possessed marijuana. Further, the government argues that NARK II tests are sufficiently reliable to be admitted under Rule 702.

The defendant disagrees. The defendant argues that because NARK II tests do not conclusively identify the substance being tested, it cannot assist the trier in determining the issues of this case because it is not sufficiently reliable. The defendant reaches this conclusion because the government must prove its case beyond a reasonable doubt, which cannot be done with the NARK II test alone.

Essentially, what the defendant argues is that under Rule 702, a NARK II test is too unreliable to be admitted, and even if it was, under Rule 403 the probative value of the NARK II evidence is outweighed by the danger of confusion over the burden of proof that the government must meet for a conviction.

Evidentiary reliability, or trustworthiness, is demonstrated by a showing that the offered evidence is more than unsupported speculation. *Posado*, 57 F.3d at 433 (citing *Daubert*, 509 U.S. at 590). Certainty is *not* required, but the scientific evidence must be based on "good grounds." *Id.* Scientific evidence is based on good grounds if it can be (and has been) tested, if the technique has been subjected to peer review and publication, and if the technique has been generally accepted by the relevant scientific community. *Daubert*, 509 U.S. at 593-94. Additionally, known or potential error rates should be considered. *Id.* at 594.

The Law Enforcement and Corrections Standards and Testing Program of the National Institute of Justice, Office of Justice Programs, United States Department of Justice, sets minimum performance standards for specific devices, and tests, used by federal law enforcement agencies. This includes reagents tests used to presumptively identify suspected narcotics. *See*

NIJ, Law Enforcement Standards & Testing Program, Color Test Reagents/Kits for Preliminary Identification of Drugs of Abuse (2000), *available at* *http://www.justnet.org/Pages/standards_ColorTestReagentsKitsforPreliminaryIdentificationofDrugsofAbuse.aspx*. NARK II tests comply with these standards. *See* Doc. 12, att. 1, p. 2. Furthermore, reagents tests are commonly used (in conjunction with other tests) to identify alleged illegal narcotics, with the results being admitted into court records. *See, e.g., U.S. v. Ramsey*, 431 U.S. 606, 610 (1977); *Waltman v. Payne*, 535 F.3d 342, 345 (5th Cir. 2008); *U.S. v. Moore*, 651 F.3d 30, 74 (D.C. Cir. 2011).

Therefore, it is the conclusion of this court that reagents tests are clearly more than "unsupported speculation," and are sufficiently based on "good grounds" to be reliable under Rule 702. Further, because the results of the specific NARK II test, in this case, will indicate to the trier of fact whether the tested material was most likely marijuana, a determinative element of this case, the NARK II test is "relevant" for the purposes of Rule 702 as well. Thus, the NARK II test at issue is admissible evidence, as long as it can pass a Rule 403 balancing test.

As outlined above, under Rule 403, relevant evidence is admissible as long as its probative value is not outweighed by potential dangers of prejudice, confusion, or delay. In this case, the court is satisfied that any danger caused by the admittance of the NARK II test is significantly mitigated by several factors. First, the trial in this matter will be a bench trial; therefore, concerns about the appropriate weight to be given to the NARK II evidence, and the burden of proof on the government, are slight at best. Second, and most importantly, the defendant will have ample opportunity, during trial, to attack what she believes to be suspect evidence. *See Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)) ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the

burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence"). Therefore, it is the opinion of this court that the NARK II test is admissible under Rule 403, and as such is admissible under the Federal Rules of Evidence.

For the reasons above, and because the defendant has not presented any other binding authority to the contrary, it hereby adjudged that the NARK II test is admissible evidence and the defendant's motion *in limine* [doc. 12 (11-170); doc. 9 (11-181)] is **DENIED.**

*Conclusion*

It is hereby determined that the NARK II Narcotics Analysis Reagent test is admissible, at trial, under the Federal Rules of Evidence. Therefore, the defendant's motion *in limine* [doc. 12 (11-170); doc. 9 (11-181)] is **DENIED.**

THUS DONE this 25th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE